## U.S. DISTRICT COURT
## DISTRICT OF MARYLAND SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | * | |
| v. | * | Case # PX-18-545 |
| JONATHAN OLDALE | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### STATUS REPORT BY DEFENDANT REGARDING USA V. OLDALE

To further facilitate proceedings at the hearing in this case scheduled for Thursday June 27, 2019, undersigned counsel provides this status report. This status report by the Defendant supplements the previously filed status report of June 24, 2019, ECF # 100.

To address the Court's emailed question of today to the parties, undersigned counsel believes that the previous restitution related filings are at ECF #'s 75, 100, and 102.

From the Government's latest filings regarding restitution, including a one page memorandum entitled "Government's Sentencing Memorandum Regarding Restitution," it is evident that a number of procedural formalities regarding restitution have not been observed in this case. 18 USC Section 3664 contemplates that documents relating to restitution will be provided to defense counsel and to this Court no less than ten days before the court orders restitution in open court. That statute also contemplates victims providing affidavits in support of their demands for restitution. It is apparent that both criteria have not been entirely met.

By the plea agreement, ECF #47, paragraph #19, Mr. Oldale agreed to "the entry of a

1

restitution order for the full amount of the victims' losses." Mr. Oldale is deeply remorseful for his misconduct and will be throughout the balance of his twenty year sentence. He made a payment of $400,000.00 in funds to be paid towards restitution via a forfeiture money judgment. ECF #99 (satisfaction of judgment). The plea agreement at paragraph 16 provides that the U.S. Attorney "agrees to seek the Attorney General's approval to apply forfeited assets [the $400,000.00 payment by the Defendant] to the Defendant's Restitution Order." That release of funds for restitution by the DOJ would be carried out by the DOJ's Asset Forfeiture Money Laundering Section (AFMLS).

Mr. Oldale through counsel will be able to waive tomorrow June 27 during the hearing any procedural objections to a restitution order arising from the late disclosure of claims information and the absence of affidavits contemplated or required by law. However, there are several considerations regarding restitution that the Defendant through counsel will ask this Court to address.

First, there should be a factual record before the Court by the Government tomorrow of its efforts to inform all victims of their right to seek restitution and how to go about doing that. We ask that the Court find if appropriate, with a factual basis provided by the Government, that such efforts have been reasonable and sufficient to apprise all victims of their rights to seek restitution.

Second, due to AFML's role in possibly releasing funds for restitution, this Court should direct that the Inmate Financial Responsibility Program or any similar program should not garnish the Defendant's commissary account while he is custody to pay restitution.

Third, also due to AFML's role in possibly releasing funds for restitution, this Court should waive any accumulation of interest on unpaid restitution.

Fourth, this Court should recommend, as the U.S. Attorney is recommending, that AFML release forfeited funds to pay restitution.

We thank the Court for its consideration of these requests.

Respectfully submitted,

/s/

Laura Kelsey Rhodes (#12703)
Laura Kelsey Rhodes LLC
200 A Monroe St. #305
Rockville, MD 20850
(301) 424-0094

/s/

Robert W. Biddle (#10761)
Nathans & Biddle LLP
120 East Baltimore Street, Suite 1800
Baltimore, Maryland 21202
(410) 783-0272

Attorneys for Defendant,
Jonathan Oldale

June 26, 2019

## CERTIFICATE OF SERVICE

It is on this 26th day of June, 2019, I certify that a copy of this document was served by ECF notification or by email on all parties' counsel.

/s/

Robert W. Biddle